# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PAUL CAZIER, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. SA-09-CV-727-XR |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| *Respondent*. | § | |

**ORDER ON MAGISTRATE JUDGE'S MEMORANDUM & RECOMMENDATION**

On this date, the Court considered the United State Magistrate Judge's Memorandum and Recommendation in the above-numbered and styled case (Docket Entry No. 15). After careful consideration, the Court ACCEPTS the Magistrate Judge's recommendation to deny Petitioner's petition for a writ of habeas corpus.

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The Magistrate Judge issued his Memorandum and Recommendation on January 14, 2010. The Report and Recommendation was entered on the docket and Petitioner was served via United States mail on the same day. A certified mail receipt shows that it was received on January 15, 2010. Accordingly, objections were due by February 2, 2010. *See* FED. R. CIV. P. 6(a) (regarding computation of time). Because no party has objected to the Magistrate Judge's Memorandum and Recommendation, the Court need not conduct a de novo review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to

which objection is made.").

In this case, Petitioner Paul Cazier seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction for aggravated robbery and evading arrest with a motor vehicle. Cazier argued that he received ineffective assistance of counsel, the state trial court applied a presumption of guilt, and that the trial judge was biased against him. The Magistrate Judge reviewed Cazier's petition in accordance with the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), and the standards established by the United States Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000). The Magistrate Judge determined that Cazier did not receive ineffective assistance of counsel in accordance with the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), and the case law of this circuit; the trial court did not err nor employ a presumption of guilt in considering Cazier's flight from police; and that there was no basis for the Judge's recusal nor showing of a probability of actual bias. The Magistrate Judge recommended that this Court deny Cazier's petition.

The Court has reviewed the Memorandum and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). Accordingly, the Court ACCEPTS the Magistrate Judge's recommendation to deny the petition for a writ of habeas corpus, and the Court hereby DENIES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

It is so ORDERED.

SIGNED this 3rd day of February, 2010.

                                      XAVIER RODRIGUEZ
                                      UNITED STATES DISTRICT JUDGE