IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PAUL CAZIER, § | | |
| § | | |
| *Petitioner*, § | | |
| § | | |
| v. § | Civil Action No.  SA-09-CV-727-XR | |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| *Respondent*. § | | |

**ORDER ON MOTION FOR RELIEF FROM JUDGMENT**

On this day, the Court considered Petitioner's Motion for Relief from Judgment (Docket Entry No. 23).

On February 3, 2010, the Court accepted the Magistrate Judge's Memorandum & Recommendation and denied Petitioner Paul Cazier's petition for a writ of habeas corpus. The Court received a letter from Cazier in which he claimed that he mailed objections to the Magistrate Judge's Memorandum & Recommendation. No objections were received by the Court. The Court construed the letter as a motion for reconsideration, which it denied on February 24, 2010.

Petitioner now moves for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure.[1] He claims (1) that prison mailroom officials did not mail his objections and this

---

[1] Rule 60(b) reads:
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

is an extraordinary circumstance; (2) that the Magistrate Judge mischaracterized a letter regarding his father's interaction with the state judge presiding over his case and this constitutes a mistake or fraud; (3) petitioner's "legal assistant" was not available to help him and this is another extraordinary circumstance; and (4) that the Magistrate Judge lacked legal jurisdiction to consider his claim because he did not consent to magistrate judge jurisdiction.

None of Petitioner's claims warrant relief from judgment. A written disposition on an attached inmate grievance form shows that prison records do not reflect any mail being processed to be sent to the United States Courthouse in San Antonio on the dates alleged by Petitioner.[2] The Magistrate Judge's alleged mischaracterization of the letter in question does not rise to a level sufficient to warrant relief from judgment. That Petitioner lacked assistance from a knowledgeable inmate is not a proper ground for relief. Finally, the Magistrate Judge had jurisdiction to evaluate Petitioner's claims and issue a memorandum and recommendation for final disposition by the district court pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72(b), and Rule 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas.

For the aforementioned reasons, Petitioner's motion is DENIED.

---

>(4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

[2] In any case, what appears to be a copy of the Petitioner's objections, attached as Exhibit C to his motion, provide nothing more than conclusory statements about innocence. Petitioner's objection is not specific and the memorandum and recommendation would therefore be accepted because it is neither clearly erroneous nor contrary to law.

It is so ORDERED.

SIGNED this 12th day of July, 2010.

                                                  XAVIER RODRIGUEZ
                                                  UNITED STATES DISTRICT JUDGE